# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID DEWAYNE SCOTT, | ) | Civil Action No. 7:09-cv-00344 |
|     Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | By:   Hon. James C. Turk |
| GENE JOHNSON, | ) | Senior United States District Judge |
|     Respondent. | ) | |

Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner challenges the validity of his confinement under the July 23, 2008, judgment of the Circuit Court of Lee County, Virginia, convicting him of a probation violation. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon can exhaust the state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against the inmate. Second, the inmate can attack the conviction collaterally by filing a state habeas petition

with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1); 17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. A petitioner can not have exhausted state if a petitioner has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c).

In this case, the petition clearly shows that petitioner has not presented the claims to the Supreme Court of Virginia as required.[1] Petitioner's failure to exhaust the state remedies mandates summary dismissal of the petition by this court.[2] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and the accompanying final order to the petitioner.

ENTER: This 20th day of August, 2009.

/s/ James C. Turk
Senior United States District Judge

---

[1] Petitioner states in his petition that he did not seek review of his conviction by a higher state court nor raised any of his claims in a state habeas petition.

[2] Petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).